**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JONATHAN PALOZIE,

        Plaintiff-Appellant,

    v.

HERSHBERGER, HOOD, LEYBA,
OSAGIE, TRAPP, CARR, FRICKEY,
SCHIEFELBEIN, and 50 unknown
prison officials in U.S.P. Florence,
Colorado,

        Defendants-Appellees.

No. 04-1074

Dist. of Colo.

(D.C. No. 04-ES-91)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

---

    Plaintiff-Appellant Jonathan Palozie, a federal prisoner appearing pro se,

filed a complaint in the district court alleging that prison officials subjected him

to cruel and unusual punishment. The magistrate judge ordered Palozie to submit

---

    * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his complaint and motion to proceed in forma pauperis (IFP) on the proper forms and, as required by 28 U.S.C. § 1915(a)(2), to submit a certified copy of his trust fund account statement for the six-month period preceding the filing of his complaint. The order further warned that the complaint would be dismissed without prejudice if Palozie failed to cure these deficiencies within thirty days.

Although Palozie apparently filed with the district court a copy of his inmate trust fund account, the account statement did not cover the entire six-month period preceding the filing of his complaint. Palozie also failed to submit his complaint and IFP motion on the proper forms within the specified time period. Accordingly, the district court dismissed Palozie's complaint without prejudice for failure to cure the deficiencies and denied as moot Palozie's motion to proceed IFP. This appeal followed.

Having reviewed the record before us, we agree with the district court that Palozie never fully complied with the order instructing him to cure the deficiencies. We note that the language of § 1915(a)(2) is not permissive: a prisoner seeking to bring a civil action under § 1915 " *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal." § 1915(a)(2) (emphasis added). Having failed to satisfy the magistrate judge's order, the district court correctly dismissed the complaint

without prejudice, and Palozie's appeal is premature and fails to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

Although we may not consider the merits of Palozie's appeal at this time, we note that the district court dismissed the complaint and denied the IFP motion without prejudice. As such, provided that he can meet all the procedural and jurisdictional requirements, Palozie may refile his complaint and IFP motion in the district court.

We DISMISS this appeal and DENY the motion for oral argument. We also GRANT the motion to pay the filing fee in partial payments and remind the appellant that he is obligated to make partial payments until the entire fee has been paid.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge